Opinion
GARCIA, J.
Statement of Facts
Hanzell Vineyards, Ltd. (Hanzell) operates a winery on approximately 200 acres of land. Thirty-one acres are devoted to the vineyards while the remaining acreage is devoted primarily to lawns and gardens. From March 1, 1981, to March 16, 1984, the State Compensation Insurance Fund (State Fund)[1] workers’ compensation insurance policy classified Hanzell’s gardeners as occasional private residence employees (classification code No. 0910) and charged Hanzell a flat rate of $400 per gardener. The policy classified workers whom Hanzell designated as conducting winery operations under classification code No. 2142(a) and charged Hanzell a premium based upon a percentage of the gross payroll paid to such winery workers.
On August 21, 1984, the California Workers’ Compensation Insurance Rating Bureau (the Rating Bureau)[2] conducted an on-site inspection of Hanzell’s operations at State Fund’s request and determined that the gardeners who were maintaining the approximately 170 acres of land which surround the vineyard should be classified as winery employees under classification code No. 2142(a) rather than as occasional workers for a *Supp. 4 private residence under classification code No. 0910. Despite the Rating Bureau’s directive, State Fund failed to change the Hanzell gardeners’ classification to that of winery employees and failed to charge a premium based upon the gardeners’ payroll in 1984. State Fund also failed to change the classification and the premium when the Hanzell policy automatically renewed March 17, 1985. Instead, State Fund continued to charge Henzell a flat rate for the gardeners under classification code No. 0910. The policy automatically renewed again on March 17, 1986, on the same terms as the 1985 policy. State Fund continued to charge Hanzell a flat rate for the gardeners.
No State Fund representative actually visited Hanzell’s business premises or inspected its payroll records until February 25, 1987, when a physical audit was conducted. During the audit, the auditor determined that the gardeners were not casual, intermittent laborers, but that they were an essential, permanent part of the winery operation and should have been classified under classification code No. 2142 pursuant to the Rating Bureau’s order. The trial court admitted two payroll audits into evidence upon which State Fund sent two invoices for additional premiums to Hanzell. The first was for the policy period from March 17, 1985, through March 17, 1986, and requested an additional premium of $6,004.45. The second invoice covered the period from March 17, 1986, through March 18, 1987.
The parties stipulated that State Fund did not notify Hanzell of its intent to reclassify the gardeners or of Hanzell’s right to appeal the reclassification.
Discussion

The Trial Court Erred in Its Interpretation of Insurance Code Section 11743.

The interpretation and applicability of a statute is clearly a question of law. (Estate of Madison (1945) 26 Cal.2d 453, 456 [159 P.2d 630].) On appeal, Hanzell contends that the trial court erroneously interpreted Insurance Code section 11743,[3] thereby finding that State Fund did not have to notify Hanzell when it reclassified Hanzell’s gardeners and increased Hanzell’s premium. Creditors maintains that State Fund reclassified Hanzell’s gardeners at the behest of the Rating Bureau which, it argues, acted under the authority of the Insurance Commissioner, thereby exempting State Fund from the notice requirement pursuant to section 11743.
The Insurance Code requires workers’ compensation insurers to notify employers of any change in employee classification which causes premiums *Supp. 5 to be raised: “Any insurer adopting a change in the classifications of an employer which results in an increased premium shall notify in writing the employer, or where the insurance was transacted through an insurance agent or broker the insurer shall notify such agent or broker who shall notify in writing the employer, of the change and the reasons therefor. Any employer receiving such notice shall have the right to request reconsideration and appeal the reclassification pursuant to section 11753.1. The notice required by this section shall inform the employer of his rights pursuant to section 11753.1. No such notification shall be required when [the] change is as a result of a regulation adopted by the Department of Insurance or other action by or under the authority of the commissioner.” (§ 11743.) Clearly, prior to increasing an employer’s rates, the insurer must notify the employer of the reclassification and his or her right to appeal said reclassification. The trial court found that State Fund was excused from compliance with the notice requirement because the classification change was mandated by the Rating Bureau acting under the authority of the commissioner. Thus, the court first examines whether the Rating Bureau acted under the authority of the Insurance Commissioner when it informed State Fund to reclassify Hanzell’s gardeners.
A. The Rating Bureau
The Legislature created rating organizations for the purpose of collecting and tabulating rate information to assist the Insurance Commissioner in the formulation of minimum rates and classifications for workers’ compensation insurance. (§ 11750 et seq.) While a rating organization formulates rules and regulations regarding rates and classifications, the Insurance Commissioner issues or approves the rates and classifications. (§ 11750.3, subd. (c).) The commissioner is obliged to set uniform rates and classifications for all insurers and employees: “The commissioner shall approve or issue, as adequate for all admitted workers’ compensation insurers, a classification of risks and premium rates relating to California workers’ compensation insurance. He may also approve or issue a system of merit rating. Such classification and system shall be uniform as to all insurers affected.” (§ 11732.) The commissioner may change a classification after receiving competent economic evidence at a public hearing proving that a change is needed. (§ 11734.) Since a public hearing must be held before the commissioner may change a classification, section 11743 eliminates any need to require notice for changes resulting from the adoption of regulations. It is clear that the Rating Bureau’s function is to promulgate rules and regulations regarding rates and classifications which the commissioner may adopt.
*Supp. 6 Here, the Rating Bureau had not promulgated rules and regulations regarding rates for the commissioner when it informed the State Fund that Hanzell’s gardeners should be reclassified as winery employees. The Rating Bureau investigated Hanzell Vineyards at State Fund’s request, not at the Insurance Commissioner’s request. Furthermore, Creditors’ claim that State Fund effected the change pursuant to a directive by the Rating Bureau ignores the fact that the Rating Bureau determined that the gardeners should be reclassified as winery workers in 1984. State Fund did not notify Hanzell of the reclassification nor did it effect the reclassification until 1987, after it had audited Hanzell for the first time.[4] Thus, the Rating Bureau was not acting under the authority of the commissioner when it effected the change in classification of Hanzell’s gardeners.
B. The Legislative History
The legislative history of section 11743 supports the conclusion that the Rating Bureau was not acting under the authority of the commissioner when it directed State Fund to reclassify the gardeners.[5] Since the plain language of section 11743 does not explicitly excuse the Rating Bureau from the notice provision, this court may consider the legislative history of section 11743 for purposes of interpreting the statute.
According to the legislative history, one of the Rating Bureau’s functions is to periodically audit employers to ensure that the correct premium is being collected. When the Rating Bureau finds an improper classification, it advises the insurer to change the classification and the premium. The aggrieved employer may appeal the reclassification first to the Rating Bureau and, if its appeal is rejected, may next appeal to the Insurance Commissioner. The legislation was introduced to ensure that employers were informed of their right to appeal reclassifications to the Rating Bureau.
Creditors’ entire argument rested on the allegation that State Fund reclassified Hanzell’s gardeners as the result of the Rating Bureau’s determination to reclassify them as winery employees causing State Fund to change the premium. When State Fund finally reclassified the gardeners, it did so without notice to Hanzell. The legislative history indicates that this was precisely the situation for which section 11743 was enacted. Given the *Supp. 7 function of the Rating Bureau in the statutory scheme, its directive in the present case did not exempt State Fund from the section 11743 notice requirement. Thus, the trial court erred in its interpretation of section 11743. In light of the court’s ruling on section 11743, it does not reach appellant’s remaining arguments. The judgment of the trial court is reversed.
Kay, R J., and Gyemant, J., concurred.

The State Fund assigned its claims against Hanzel Vineyards, Ltd., to Creditors’ Collection Services of San Francisco (Creditors), the plaintiff/respondent in this action.

The Rating Bureau is an organization created pursuant to Insurance Code section 11750 et seq. The Rating Bureau is an association of insurance companies writing workers’ compensation insurance.

All further statutory references will be to the Insurance Code unless otherwise noted.

Section 11743.1, subdivision (d) permits an insurer to change a classification with respect to a policy period as a result of a payroll audit if the change initiated within one year after the expiration of that policy period. Section 11743.1, subdivision (d), however does not negate the section 11743 notice requirement in such a situation. Thus, Creditors’ belabored argument on its ability to retroactively reclassify is unpersuasive.

The trial court took judicial notice of the legislative history of section 11743.